Ms. Stacey Witherell Labor and Employee Relations Manager City of Little Rock 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). Your request is based on A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has requested "a list of city employees [who] live outside Little Rock [c]ity limits." The requester specifically wants each employee's "name, job position[,] and city/town." You have decided to comply only partly with this request. Specifically, you plan (1) to release the names and job positions as personnel records; and (2) to withhold the city in which the employees reside. With respect to (2), you have concluded that, while the information requested is a personnel record, the release of that information would constitute a clearly unwarranted invasion of personal privacy, which means that FOIA requires it to be withheld from disclosure.
You have asked whether these decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether your decision as custodian is consistent with the FOIA. Not having reviewed the record you intend to release, I cannot say *Page 2 
whether that particular record contains only information that the FOIA permits custodians to disclose. But I can address, as a general matter, whether the kinds of information being sought are personnel records and whether they are subject to release. As explained below, in my opinion, your decision to disclose the employees' names and positions is consistent with the FOIA. Likewise, your decision to withhold each employee's city of residence is consistent with the FOIA, though you do not cite the correct reason for refusing to disclose it.
DISCUSSION
Every public record must be disclosed in response to an FOIA request unless a specific exception shields that record from disclosure. Because there is no question whether the requested documents count as public records, the only remaining question is whether some exception shields these records from disclosure. Two exceptions are relevant to your question.
Employees' names and job positions
The first is the personnel-records exception. While the FOIA does not define that term, this office has opined that it refers to all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[1] Further, this office has also consistently opined that employees' names and job positions meet the definition of a personnel record.[2]
Personnel records must be disclosed in response to an FOIA request unless doing so "constitute[s] a clearly unwarranted invasion of personal privacy."[3] This office has consistently opined that, in the normal case, employees' names and job positions are subject to disclosure under this standard.[4] *Page 3 
Therefore, your decision to classify the employees' names and job positions as personnel records is consistent with the FOIA. And your decision to release those records is also consistent.
Public employees' home addresses
The second relevant exception is found at A.C.A. § 25-19-105(b)(13). This subsection exempts from disclosure all "home addresses of . . . nonelected municipal employees." In my opinion, the exception for "home addresses" encompasses all components parts of a "home address"; namely, a street address, zip code, city, and county.[5]
Given that the FOIA requester wants you to give him "a list" of the cities in which all Little Rock's public employees live, he is seeking information that subsection 25-19-105(b)(13) protects from disclosure.
So you correctly refused to disclose where the employees live. But the reason that is the correct outcome is due most directly to subsection 25-19-105(b)(13), not the personnel-records exception, which is located at subsection 25-19-105(b)(12). This is because when a public record potentially qualifies for more than one exception — as a public employee's home address arguably does — the more specific exception controls.[6]
Because subsection 25-19-105(b)(13) deals specifically with home addresses, it controls.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra, at 187.
[2] E.g., Op. Att'y Gen. 2011-045.
[3] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[4] E.g., Op. Att'y Gen. 2011-045.
[5] Op. Att'y Gen. Nos. 2008-138, p. 3; 2005-194, p. 4.
[6] This is an analogue to a standard principle of statutory construction, which requires that, when more than one statute deals with the same subject matter in different ways, the more specific statute controls. E.g., Searcy Farm Supply, LLC v.Merchants Planters Bank,369 Ark. 487, 492, 256 S.W.3d 496, 501 (2007) ("[I]t is blackletter law for statutory construction to give effect to the specific statute over the general.").